

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL R. ALANIS, an individual; JESS M. RAVICH, an individual, | No. 11-56659 |
| Plaintiffs-counter-defendants - Appellees, | D.C. No. 2:11-cv-02583-JEM |
| v. | MEMORANDUM[*] |
| ERIC NELSON, an individual; DYNASTY DEVELOPMENT GROUP, LLC, a Nevada limited liability company, | |
| Defendants-counter-claimants - Appellants., | |
| _____, | |
| DDJ CAPITAL, MANAGEMENT, LLC, | |
| Counter-defendant, And | |
| LYNITA SUE NELSON, | |
| Movant. | |

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| PAUL R. ALANIS, an individual; JESS M. RAVICH, an individual, | No. 12-55046 |
| Plaintiffs-counter-defendants - Appellees, | D.C. No. 2:11-cv-02583-JEM |
| v. | |
| DYNASTY DEVELOPMENT GROUP, LLC, a Nevada limited liability company, | |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Submitted March 3, 2014[**]
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Dynasty Development Group, LLC, a Nevada limited liability company ("Dynasty"), appeals a summary judgment entered in favor of Paul R. Alanis and Jess M. Ravich ("Plaintiffs"). Plaintiffs and Dynasty were members of a Delaware limited liability company ("Company") that operates a casino; the underlying dispute is over the sale of Dynasty's interest in the Company pursuant to the buy/sell provision of its

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

operating agreement.

We affirm.

## A. Rule 56(d) Motion

Dynasty's primary argument is that the district court erred in denying its motion under Federal Rule of Civil Procedure 56(d) to continue the motion for summary judgment to allow discovery. To justify a continuance Dynasty was required to show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).[1]

We review the district court's decision to deny Rule 56(d) relief for abuse of discretion. *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011). Although Dynasty offers no less than eight arguments why the district court abused its discretion, none is persuasive.

### 1. Lack of any period of discovery.

Dynasty argues it did not have "the opportunity to conduct *any* discovery" during a bankruptcy stay, and "the case had only been 'active' for discovery and free

---

[1] Subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's note.

3

from the bankruptcy stay for nine days" when Plaintiffs' first motion for summary judgment was filed. But, as the district court noted, the stay was lifted because the bankruptcy court found that Dynasty's Chapter 11 petition was filed in bad faith, and Dynasty entirely failed to pursue discovery in the five months between the filing of the first summary judgment motion and the district court's ruling on Plaintiffs' second summary judgment motion.

## 2. Plaintiffs' acquisition of Company debt.

Dynasty posits that the evidence it "contends is available in discovery, and what was not presented to the district court, is that [Plaintiffs] acquired a financial interest in the debts of the Company." It was uncontested, however, that all members of the Company, including Dynasty, were offered the right to purchase Company debt; Dynasty also approved the transaction that restated the terms of that debt. Plaintiffs chose to buy the debt, but Dynasty did not. The district court considered evidence of Plaintiffs' financial interest and appropriately found the evidence had no weight.

## 3. Plaintiffs' alleged unwaivable conflict of interest.

Dynasty argues that discovery would support its position that "Plaintiffs had an unwaivable conflict of interest" when they "acquired their interest in the Company's debts." Dynasty cites no authority for its argument that Plaintiffs were under an

4

unwaivable conflict, and Delaware law is to the contrary.[2]

### 4. Plaintiffs' alleged breach of a January 2009 letter.

Dynasty contends that Plaintiffs breached a January 2009 letter agreement "not to vote to approve a sale of the Casino at a price of less than $80 million." Dynasty does not, however, dispute the district court's finding that any breach could not have injured Dynasty, because the Company was unable to complete a sale at any price.

### 5. Accountants' alleged errors.

Dynasty claims "discovery was necessary to show" that the Company's accountants "never independently verified the Company's debt" and that their calculation was "based upon unaudited, non-certified balance sheets." Nothing in the operating agreement, however, requires the accountants to verify the Company's debt or use audited, certified balance sheets.

Dynasty also argues the accountants failed to consider the Company's cash in calculating the purchase price of Dynasty's Company interest. The district court

---

[2] Delaware law permits members and managers to "lend money to" a limited liability company. Del. Code Ann. tit. 6, § 18-107. The operating agreement here specifically permits such loans. Also, Delaware law permits an operating agreement to "provide for the limitation or elimination of any and all liabilities for breach of contract and breach of duties (including fiduciary duties) of a member, manager or other person." Del. Code Ann. tit. 6, § 18-1101(e). The operating agreement waives liabilities for actions, other than those "committed in bad faith or []as the result of willful misconduct or gross negligence."

correctly held that Dynasty's method of calculation improperly double counts that cash, by first using it in establishing the Stated Value (as defined in the operating agreement) and then using it *again* to set the Company interest purchase price.

### 6.  Plaintiffs' alleged failure to timely comply with operating agreement.

Next, Dynasty argues that "Plaintiffs did not timely comply with Section 7.5 of the Agreement." The district court correctly determined that the notice was timely under Delaware law. *See* Del. Code Ann. tit. 5, § 1302.

### 7.  Plaintiffs' alleged failure to rely on the operating agreement.

Dynasty asserts that "Plaintiffs rely on a 'forbearance agreement' or MOU to support their breach of the Agreement claims." The complaint, however, clearly alleged breaches of the Company's operating agreement, not an MOU.

### 8.  Alleged "other key issues."

Finally, Dynasty contends that "discovery is necessary for several other key issues that would defeat summary judgment." Each of these "other key issues," however, is simply a re-statement of one of the prior arguments.

### B.  Summary Judgment

Dynasty's arguments challenging the grant of summary judgment to Plaintiffs are, by its own admission, "the same" as its Rule 56(d) arguments. For the reasons

6

above, those arguments fail.

**AFFIRMED.**